1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TRACY MARY ESPINOZA,                )    Case No. EDCV 13-01820 AN
                                    )
          Plaintiff,                )    MEMORANDUM AND ORDER
                                    )
     v.                             )
                                    )
CAROLYN W. COLVIN, ACTING           )
COMMISSIONER OF THE SOCIAL          )
SECURITY ADMINISTRATION,            )
                                    )
          Defendant.                )
_____ )

     Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising one disputed issue. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

     Plaintiff contends that the Administrative Law Judge ("ALJ") erred by failing to consider the relevant medical evidence in assessing Plaintiff's residual functional capacity ("RFC"). (JS 4-9.)

     In conducting an RFC assessment, the ALJ must consider the combined effects of a claimant's medically determinable impairments on the claimant's ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir.

1996). Even those impairments that are not "severe" must be considered. 20 C.F.R. §§ 404.1545(a); 416.945(a); *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir.  2003). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Here, the ALJ determined that Plaintiff has the medically determinable severe impairments of arthritis, fibromyalgia, obesity, generalized myalgias, chronic pain syndrome, headaches, and depression. (AR 11.) The ALJ assessed Plaintiff with an RFC for a limited range of light work.[1] (AR 13); *see* 20 C.F.R. §§ 404.1567(b), 416.967(b).

Plaintiff contends that the ALJ erred by failing to consider evidence of Plaintiff's edema and swelling in her lower extremities when determining her RFC. (JS 4-9.) The medical record documents Plaintiff's periodic episodes of edema and swelling in her feet, ankles, and legs since August 2008. (AR 272, 323, 325, 332, 335-37, 340, 347, 429-30.) Plaintiff's doctors diagnosed peripheral edema (chronic), and recommended that Plaintiff elevate her legs and use compression stockings to relieve her symptoms. (AR 273, 336, 340, 347.)  Plaintiff reported that the swelling diminished when she lied down, and that she used elevation in the management of her pain. (AR 263, 347.) At the administrative hearing, Plaintiff testified that she continued to experience swelling in her ankles. (AR 48.)

The ALJ's RFC assessment is not supported by substantial evidence because it fails to address the treating physicians' recommendations that Plaintiff elevate her legs to relieve the symptoms caused by the edema. (AR 336, 340.) The ALJ also erred by failing

---

[1]    Specifically, the ALJ determined that Plaintiff is limited to: standing and/or walking 30 minutes at a time, for a total of 6 hours in an 8-hour period; sitting 6 hours in an 8-hour period, with brief position changes every hour; occasional postural activities (i.e., bending, stooping, climbing stairs, and balancing); kneeling, crawling, squatting or crouching rarely; and no climbing ladders, ropes or scaffolds, work at unprotected heights or around moving machinery or other hazards, work involving high stress, hyper-vigilance, intense concentration on the task at hand, fast-paced production requirements, or assembly-line work. (AR 13.)

1  to address the severity of Plaintiff's edema and swelling, as required at step two of the

2  sequential analysis. *See* 20 C.F.R. § 404.1520(c) (at step two, the ALJ must determine

3  whether the claimant has any combination of impairments which significantly limits her

4  ability to do basic work activities), 416.920(c) (same). While an ALJ is not required to

5  discuss every piece of evidence or address every issue, he must explain why significant

6  probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th

7  Cir. 1984). In this case, the medical evidence of Plaintiff's lower extremity edema and

8  the associated limitation of needing to elevate her legs was significant and should have

9  been addressed by the ALJ.

10       Plaintiff further alleges that the ALJ failed to properly assess functional limitations

11  associated with her frequent and severe headaches. (JS 6-9.) Plaintiff's history of

12  persistent headaches is documented in the medical record. (AR 269, 271, 273, 280, 286,

13  297, 300, 301, 308, 312, 316, 390, 418, 442.) Plaintiff testified that she suffers from

14  headaches on a daily basis, and experiences severe headaches associated with nausea and

15  dizziness every three months. (AR 47-48.) Plaintiff's treating pain specialist, Anita Pai,

16  M.D., diagnosed chronic migraines, probably due to tension headaches. (AR 269, 273,

17  390, 418.) In June 2011, Dr. Pai reported that Plaintiff's pain from her headaches and

18  other conditions was well controlled with medication. (AR 18, 419.)

19       The ALJ acknowledged Plaintiff's complaints about the severity and frequency of

20  her headaches and found that Plaintiff's headaches were a severe impairment. (AR 11,

21  14.) However, the ALJ ultimately decided that Plaintiff's headaches and other medically

22  determinable conditions were not severe enough to amount to a disability under the

23  Social Security Act. (AR 11, 13, 20-21.) To the extent there was a conflict in the evidence

24  regarding the impact of Plaintiff's headaches on her capacity to work, it was the

25  prerogative of the ALJ to resolve the conflict. *See Andrews v. Shalala*, 53 F.3d 1035,

26  1039 (9th Cir. 1995). The ALJ explained that although Plaintiff experienced some pain

27  and discomfort from her medically determinable conditions, there was no medical

28  evidence establishing functional restrictions in Plaintiff's ability to perform work related

Page 3

activities beyond those assessed in Plaintiff's RFC. (AR 16, 18-19.) Rather, the medical record showed that Plaintiff responded well to treatment to control her symptoms. (AR 18, 419.) Further, the ALJ found Plaintiff's subjective statements about the intensity, persistence, and limiting effects of her symptoms to be less than fully credible. (AR 14-16.) The ALJ's credibility determination is supported by abundant evidence in the record, and is not challenged by Plaintiff. (AR 14-16.) Thus, the ALJ's consideration of Plaintiff's headaches in the RFC assessment is supported by substantial evidence.

Accordingly, Plaintiff is entitled to remand on Issue #1 based upon the ALJ's failure to properly consider evidence of Plaintiff's edema and swelling in her lower extremities and related limitations. Plaintiff is not entitled to a reversal or remand on Issue #1 with respect to the ALJ's consideration of Plaintiff's headaches in the RFC assessment.

## ORDER

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds a remand is appropriate because there are unresolved issues that, when properly resolved, may ultimately still lead to a not disabled finding. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative determination, "the proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation") (internal quotation marks and citation omitted). Accordingly, the present case is remanded for further proceedings consistent with this Memorandum and Order.

IT IS THEREFORE ORDERED that a judgment be entered reversing the Commissioner's final decision and remanding the case so the ALJ may make further findings consistent with this Memorandum and Order.


DATED: June 6, 2014                    _____
                                       ARTHUR NAKAZATO
                                       UNITED STATES MAGISTRATE JUDGE